```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, L.L.C.         *         CIVIL ACTION

VERSUS                         *         NO: 08-1373

HEALTHNOW NEW YORK, INC.       *         SECTION: "D"(5)
D/B/A BLUECROSS BLUESHIELD
OF WESTERN NEW YORK
```

**ORDER AND REASONS**

Before the court is the **Motion to Remand (Doc. No. 6)** filed by Plaintiff, Omega Hospital, L.L.C. (Omega). Defendant, HealthNow New York, Inc. d/b/a BlueCross BlueShield of Western New York (HealthNow) filed a memorandum in opposition. The motion was set for hearing on Wednesday, May 7, 2008, on which date the court heard oral argument from counsel. Now, having considered the memoranda and argument of counsel, the record, and the applicable law, the court finds that the motion should be granted.

Plaintiff Omega initially filed its Petition for Damages in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, alleging that before rendering medical treatment to two individual patients (identified as Thomas H. and Marie K.), Omega contacted HealthNow to verify that the patients had health

insurance, and that the specific medical care to be rendered to these patients was covered by the health insurance plan issued or administered by HealthNow.  Omega further alleges that, "having been wrongfully denied coverage in the past for failure to clarify the proposed treatment, [Omega] developed and used a script when verifying benefits."  (Petition at ¶IV).

Omega contends that "[t]reatment was rendered and the claims were submitted to [HealthNow], and these same claims were later paid at a rate below the quoted rate." (*Id*. at ¶V).  Omega claims that it relied to its detriment on HealthNow's representations, and sues HealthNow asserting claims, *inter alia*, based on detrimental reliance and breach of oral contract(s).  (*Id.* at ¶VII).

HealthNow removed the matter to this court maintaining that the court has federal question subject matter jurisdiction because Omega's claims fall within the scope of and are completely preempted by the Employee Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq*.  (*See* Notice of Removal, pp. 1-7).

HealthNow also submits that removal is proper based on diversity jurisdiction, because Omega is a citizen of Louisiana and HealthNow is a citizen of New York, and it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000.  (*See* Notice of Removal, pp. 7-9).

Plaintiff seeks to have the matter remanded arguing that: (1)

Plaintiff's claim(s) are based exclusively on state law; and (2) as per Plaintiff's Stipulation, contained in the body of Plaintiff's memorandum, the amount in controversy is less than $75,000.

## II. Legal Analysis

### A. ERISA does not pre-empt Plaintiff's detrimental reliance and breach of contract claims

It is undisputed that individual patients (identified in Plaintiff's Petition as Thomas H. and Marie K.) were plan participants in employee welfare benefit plans issued or administered by HealthNow. However, Plaintiff Omega is not a plan participant or beneficiary under the plans. And while the individual patients assigned their rights under their respective plans to Omega, in this suit, Omega is not suing as an assignee to recoup plan benefits or dispute terms of a plan. Rather, Omega sues as a third-party provider for recovery based on detrimental reliance and breach of purported oral contracts between Omega and HealthNow.

In *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), two participants sued their respective health maintenance organizations in state court, under state law, for alleged failure to exercise ordinary care in the handling of coverage decisions. The respective plan sponsors removed the cases to federal court arguing that the causes of action were completely

pre-empted by ERISA.

In holding that the causes of action were completely pre-empted by ERISA and thus removable from state court, the *Davila* Court instructed:

> if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA §502(a)(1)(B).  **In other words, [1] if an individual, at some point in time, could have brought his claim under ERISA §502(a)(1)(B), and [2] where there is no other independent legal duty that is implicated by a Defendant's actions, then the individual's cause of action is completely pre-empted by ERISA §502(a)(1)(B).**

*Davila*, 542 U.S. at 209, 124 S.Ct. at 2496 (emphasis added, citation omitted)).

In the instant case, HealthNow argues that, under the two-part test established in *Davila*, Plaintiff's purported state-law claims are completely preempted because: (1) Omega could have brought its claim under ERISA because Omega obtained an assignment of rights from the two patients (Thomas H. and Marie K.); and (2) Omega's claims are predicated solely on the duties imposed under the subject ERISA-regulated plans.

However, the court is unpersuaded by this argument.  First,

Plaintiff is a third-party provider asserting breach of oral contract(s) claims and/or detrimental reliance claims independent of any claim that could be made under the subject ERISA plans. While assignments were executed by the designated patients,[1] Plaintiff Omega is not standing in the shoes of these patients in bringing its state-law claims of detrimental reliance and/or breach of oral contract(s).  Omega is suing Health Now in its independent status and does not derive its right to sue from the plan participants, Thomas H. and Marie K.[2]  Thus, the court concludes that the assignments executed by Thomas H. and Marie K. are irrelevant to Omega's claims, which neither seek to change the terms of any plan nor recover benefits under any plan.

Second, the other *Davila* prong (no other legal independent duty implicated by HealthNow's action) is not satisfied in this case.  Again, Omega is not trying to recover benefits under any health insurance plan or dispute the terms of any such plan. As an independent third-party provider, Omega has a right to assert its detrimental reliance and breach of oral contract claims against HealthNow who allegedly misrepresented in a telephone call what

---

[1]  The existence of any assignment is not asserted in Plaintiff's Petition.

[2]  The designated patients (Thomas H. and Marie K.) were not alleged parties to the oral verification of payment that Defendant allegedly made to Plaintiff.

Plaintiff would be paid for treatment of Thomas H. and Marie K.

In a pre-*Davila* case, the Fifth Circuit instructed that "when there is some coverage [under an ERISA plan}, [the court must] take the next analytical step and determine whether the claim in question is dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952, 955 (5th Cir. 1999).

Here, it is undisputed that Thomas H. and Marie K. were covered under an ERISA plan, **but** Omega's claims asserted herein are **not** dependent on, and derived from the rights of Thomas H. or Marie K. to recover benefits under the terms of their respective plans. Omega is not asserting claims for the full amount of benefits due under the terms of the respective plan, but rather Omega is asserting claims for detrimental reliance and breach of oral contract(s) because HealthNow allegedly misrepresented that Thomas H. and Marie K. were covered by the plans and Omega would be paid at a quoted rate.

In another pre-*Davila* case, the Fifth Circuit stated that ERISA pre-emption of state law causes of action is applicable when:

>(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and

> (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Hubbard v. Blue Cross & Blue Shield*, 42 F.3d 942, 945 (5th Cir. 1995).

Neither prong of this Fifth Circuit test are met here. Omega's state law claims of detrimental reliance and breach of contract do not address an area of exclusive federal concern. And Omega's claims do not affect the relationship between traditional ERISA entities. Only a third party health care provider (Omega) and issuer/administrator (HealthNow) of a plan are involved.

The court concludes that Plaintiff's detrimental reliance claims and breach of contract claims are *not* pre-empted by ERISA thereby precluding removal based on ERISA pre-emption. *See Intra-Operative Monitoring Services, Inc. v. Humana Health Benefit Plan*, 2005 WL 1155847 (E.D.La. 2005)(Zainey, J.)(Plaintiff's state law detrimental reliance claims not pre-empted by ERISA precluding removal and patient's assignment of right irrelevant to Plaintiff's right to recover from plan in its independent status as a health care provider); *Jefferson Parish Hospital Service v. State of Louisiana*, 934F. Supp. 206 (E.D.La. 1996)(Fallon, J.)(same); *Jefferson Parish Hospital District No. 2 v. Central States Southeast & Southwest Area Health & Welfare Fund*, 814 F.Supp. 25

7

(E.D.La. 1993)(Arceneaux, J.)(same).

### B.   Amount in Controversy does not exceed $75,000.

Given the Stipulation in Plaintiff's Motion to Remand "that the amount in controversy is less than $75,000 and that Plaintiff will accept no more than this amount, even if awarded more by the state court below," the court finds that jurisdictional amount is not satisfied.  (*See* Motion to Remand, Doc. No. 6, p. 4 of 5; *see also* Stipulations in supporting memorandum, Doc. 6-2, p. 4 ("Plaintiff stipulates that it will not seek more than $75,000); p. 5 ("Plaintiff hereby stipulates that it did not mail a copy of the petition to the attorney general, as required by [the Louisiana Unfair Trade Practice Act, LSA-R.S. 51:1409(A)] thus Plaintiff would not be entitled to treble damages"); and p. 6 ("Plaintiff further stipulates that the total amount owed by Defendant for services rendered to patient Ann Marie K. is $33,637.24, and the amount for services rendered to patient Thomas H. is $14,665.74")).

Because the amount in controversy does not exceed $75,000, the court does not have diversity jurisdiction.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **GRANTED**, remanding this matter to the 24th Judicial District Court, for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **9th** day of **May, 2008.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE